# EXHIBIT 1

IN THE DISTRICT COURT OF ADAIR COUNTY,
STATE OF OKLAHOMA

DAKOTA VAUGHN, an Individual, )
        Plaintiff, )
         )
vs. ) Case No. CJ-17-14
         )
ARKANSAS EGG COMPANY, INC, an Arkansas )
corporation; VITAL FARMS, INC, a Delaware )
corporation; MICHAEL A. COX, JR., an Individual;)
RUSSELL DIEZ-CANSECO, an Individual; and )
MATT O'HAYER, an Individual, )
        Defendants. )

## PETITION

Come now the Plaintiff, Dakota Vaughn, by and through his attorney, William R. Mayo, OBA# 11055 of Mayo Law Offices and for his verified Petition herein containing causes of action against the Defendants, Arkansas Egg Company, Inc., Vital Farms, Inc., Michael A. Cox, Jr., Russell Diez-Canseco and Matt O'Hayer demanding a trial by jury of all issues so triable states and avers as follows:

Jurisdiction and Venue

1. This Court has subject matter jurisdiction and personal jurisdiction over the parties and original jurisdiction pursuant to the civil RICO remedies set forth in the Plaintiff's Fourth Cause of Action contained herein pursuant to U.S.C. §§ 1961 et seq. (Federal Civil Rico Act), and the holdings of the U.S. Supreme Court in Tafflin v. Levitt, 493 U.S. 455 (1990), (Oklahoma State Courts have concurrent jurisdiction of civil RICO claims).

2. Venue is properly vested with this Court, the subject matter of the contractual agreements, actions and performance of the parties contracted to conducted in Adair County, Oklahoma.

1

### The Parties

3. Plaintiff, Dakota Vaughn is a resident of Adair County, Oklahoma residing at Rt. 1, Box 493, Westville, Oklahoma 74965.

4. The Defendant, Arkansas Egg Company, Inc., is an Arkansas corporation doing business in the State of Oklahoma through its merged entity, Heartland Eggs, LLC although the records of the Oklahoma Secretary of State do not reflect that either had been formerly domesticated within this State. Michael A. Cox, Jr. is its registered agent for service of process at 24185 Mill Road, Summers, Arkansas 72769.

5. The Defendant Vital Farms, Inc. is a Delaware corporation doing business in the State of Oklahoma although records of the Oklahoma Secretary of State do not reflect that it has been formerly domesticated within this State. It is headquartered at 3913 Todd Lane, Suite 505, Austin, Texas 78744 and The Corporation Service Company of 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808 is its registered agent for service of process.

6. The Defendant Michael A. Cox, Jr. is an individual residing at 24185 Mill Rd., Summers, AR 72769 and is the President of Defendant Arkansas Egg Company, Inc., successor in interest to Heartland Eggs, LLC, an Arkansas Limited Liability Company for which he also served as managing member.

7. The Defendant Russell Diez-Canseco is an individual residing at 819 Maurice Dr. Cedar Park, TX 78613 and is the President of Vital Farms, Inc.

8. The Defendant Matt O'Hayer is an individual 2309 S 4th St., Austin, TX 78704 and is the Chief Executive Officer and publicly proclaimed owner of Defendant, Vital Farms, Inc.

Factual Allegations Common to Plaintiff's Claims

9. On October 25, 2013, the Plaintiff entered into a contract titled "Pastured Raised Egg New Construction Contract Producer Agreement" with Heartland Eggs, LLC d/b/a Heartland Egg Company, LLC of which the Defendant, Michael A. Cox, Jr. was its managing member and presumed owner. Heartland Eggs, LLC on November 25, 2014 merged with Defendant, Arkansas Egg Company, Inc. according to records of the Arkansas Secretary of State.

10. Heartland Egg Company, LLC was not a registered fictitious name certified for use by Heartland Eggs, LLC, an Arkansas Limited Liability Company but in reality, this entity was one and the same before its merger with Defendant Arkansas Egg Company, Inc.

11. The purpose of the contract was for the Plaintiff as a Producer to care for flocks of laying hens then owned by Heartland Eggs, LLC under stated conditions and considerations to be paid by Heartland Eggs, LLC to the Plaintiff. A copy of the contract is attached hereto marked Exhibit 1 and incorporated herein by reference.

12. Under the terms of the contract the Plaintiff as Producer was to be compensated for the care of the chickens as specified in in the contract on a "per dozen" service rate for all nest run eggs picked up by Heartland Egg, LLC as Owner at the Plaintiff's farm located in Adair County, Oklahoma for 3 flocks at the rate of Eighty-five cent ($ 0.85) per dozen on eggs delivered after the pullet lay.

13. Based upon the representations of Heartland Eggs, LLC (d/b/a Heartland Egg Company, LLC) cash flow projections under the contract terms, the Plaintiff borrowed from the Farm Services Agency funds in the sum of $ 304,000.00 for the construction of two laying houses, equipment and land in Adair County, Oklahoma in order to fulfill the terms under the contract.

14. After construction of the chicken houses and installation of the equipment infrastructure, Plaintiff received chickens as agreed under the contract on March 28, 2014.

15. Shortly thereafter and within the summer of 2014 Heartland Eggs, LLC began failing to timely pay the Plaintiff the consideration agreed under the terms of the contract as contained therein for the care of the flocks.

16. The Defendant, Michael A. Cox, Jr. on behalf of Heartland Eggs, LLC approached the Plaintiff falsely represented to him that Heartland Eggs, LLC was being acquired by the Defendant, Vital Farms, LLC and inquiring if he would consent to an assignment of the contract contained in Exhibit 1 to the Defendant Vital Farms, Inc.

17. In October of 2014 Defendant Michael A. Cox, Jr. further falsely represented that upon Plaintiff constructing 6 additional chicken houses that Vital Farms, LLC would update the existing contract (Exhibit 1) for 5 flocks as detailed in paragraph 18 below.

18. As an incentive to obtain the Plaintiff's consent to the contract assignment, Defendant Michael A. Cox, Jr. also falsely represented to the Plaintiff that Vital Farms, Inc. would extend additional contracts to expand his operation based upon Plaintiff's construction of 6 additional 50' feet x 130 feet chicken houses for 5 flock contracts based 5 flocks at the rate of sixty-five cents ($ 0.65) per dozen on eggs delivered after the pullet

4

pullet lay. Further, the existing contract (Exhibit1) proposed to being assigned to Defendant Vital Farms, Inc. would be extended to a 5-flock contract at the rate of eighty-five cents ($0.85) per dozen on eggs delivered after the pullet lay.

19. These promises and inducements were repeated and confirmed by the Defendant Russell Diez-Canseco on behalf of the Defendant Vita Farms, Inc. to the Plaintiff and to his lender.

20. Plaintiff relying upon these representations applied for financing with Live Oak Bank for the sum of $ 1,336,000.00 to expand his operations for the construction of 6 additional chicken houses upon the specifications and required infrastructure dictated by the Defendant, Vital Farms, Inc.

21. The Defendant, Michael A. Cox, Jr. and Defendant Russell Diez-Canseco on behalf of Defendant Heartland Eggs, LLC and Defendant Vital Farms, Inc. respectively represented to Plaintiff and Plaintiff's banker of Live Oak Bank that upon the assignment of the existing contract (Exhibit 1) new contracts would be issued to upon terms set forth in paragraph 18 above.

22. Based upon the false representations of Defendant Michael A. Cox, Jr. and Defendant Russell Diez-Conseco on behalf of Defendant Vital Farms, Inc., Plaintiff consented to the assignment of the Heartland Eggs, LLC contract (Exhibit 1) executing an assignment agreement with an effective date of November 5, 2014 and Plaintiff proceeded with the financing of the additional 6 chicken houses obligating himself to financing of $ 1,336,000. on a Small Business Administration guaranteed loan with Live Oak Bank for the construction of the additional 6 chicken houses and infrastructure. A

copy of the assignment agreement is attached hereto, marked Exhibit 2 and incorporated herein by reference.

23. Under the terms of the assignment agreement (Exhibit 2), Heartland Eggs, LLC, was not relieved of its obligations to the Plaintiff under the terms of the assignment and as a matter of law remained as a surety and guarantor of its obligations under the contract.

24. Unknown to the Plaintiff at the time, Defendant Michael A. Cox, Jr. as principal for both Heartland Eggs, LLC and the Defendant Arkansas Egg Company, Inc. merged the two entities into Arkansas Egg Company, Inc. according to the records of the Arkansas Secretary of State reflecting the Articles of Merger being filed November 25, 2014.

25. As a matter of law as a result of the merger, Defendant Arkansas Egg Company, Inc. assumed all of the liabilities and obligations including tort liability of Heartland Eggs, LLC as the merged entity and remains as a surety under the assignment of the contract of Heartland Eggs, LLC (Exhibit 1) to Defendant Vital Farms, Inc.

26. The Plaintiff's loan for the additional construction of the 6 chicken houses was approved and closed on February 15, 2015 for $ 1,336,000.00 and construction commenced of the 6 additional chicken houses constructed to the specifications supplied by Defendant Vital Farms, Inc.

27. The additional chicken houses were constructed to accommodate the niche market of the Defendant Vital Farms, Inc. for the production of pasture raised chickens producing organic eggs, and are not conducive for use in the general poultry producing market.

28. Plaintiff relied upon the representations made by Defendants Michael A. Cox, Jr. and Russell Diez-Canseco individually and on behalf of the corporate Defendnats and obligated himself to his detriment upon the promises of said Defendants as to the cash flow projections to be generated from the modification to the assigned contract as well as to the contracts for the additional houses upon which the debt service of his loan was to be based.

29. Plaintiff received new flocks of chickens from Defendant Vital Farms, Inc., however the existing assigned contract on the original two chicken houses was not modified as promised and contracts on the additional 6 newly constructed chicken houses were not presented to the Plaintiff until after construction was completed and flocks placed in the houses.

30. In June of 2015 after Plaintiff received flocks from Defendant Vital Farms, Inc., Defendant Russell Diez-Conseco presented new contracts for the Plaintiff's additional 6 newly constructed chicken houses however their terms did not comport with the terms promised as outline in paragraph 18 above.

31. When confronted by the Plaintiff regarding the discrepancy in the terms of the contracts and lack of updated assigned contract Defendant Russell Diez-Conseco replied that if Plaintiff did not have his promises in writing there was nothing he could do.

32. Plaintiff having already accepted the flocks and committed himself to the additional financing executed three contracts with the Defendant Vital Farms, Inc. on June 29, 2015 for the third, fourth, fifth and sixth and seventh and eighth newly constructed chicken houses. Copies of the contracts are attached hereto respectively marked as Exhibits 3, 4, 5 and 6 and incorporated herein by reference.

7

33. On July 20, 2016 Plaintiff accepted a new flock of chickens from the Defendant Vital Farms, Inc. under the assigned contract (Exhibit 1).

34. In September of 2016 Plaintiff was informed by representatives of the Defendant Vital Farms, Inc. that it would be removing the chickens from the original two chicken houses and that he would be compensated for "pullet pay" of $ .07 per chicken for 12 weeks the flock had been in his care contrary to the terms of the contract (Exhibit 1).

35. Plaintiff learned that Defendant Vital Farms, Inc. had taken similar actions in removing flocks from other contract Producers in the area.

36. Concurrently Defendant Michael A. Cox, Jr. aware of the actions taken by Defendant, Vital Farms, Inc. against the Plaintiff on September 22, 2016 initiated a civil suit as Plaintiff against the Defendant Arkansas Egg Company, Inc. in which he is a principal in the Circuit Court of Washington County, Arkansas in case styled <u>Cox vs. Arkansas Egg Company, Inc.</u>, Case No. CV 2016-1996-1 seeking judgment against his own company for sums allegedly owed for $ 2,456874.39 plus prejudgment interest, costs and attorney's fees.

37. Defendant Michael A. Cox, Jr. initiated the lawsuit as a sham in an attempt to create the appearance of insolvency of the Defendant Arkansas Egg Company, Inc. to insulate and dissuade contract producers that include the Plaintiff from seeking redress against his company that remains as a surety for contract assigned by Heartland Eggs, LLC (now merged with Defendant Arkansas Egg Company, Inc.) to Defendant Vital Farms, Inc.

38. On October 12, 2016 Defendant, Vital Farms, Inc. removed the flocks from Plaintiff's care and possession without Plaintiff's consent.

39. The lawsuit was voluntarily dismissed by Defendant Michael A. Cox, Jr. on November 14, 2016 after perceiving the initial risk of exposure for Arkansas Egg Company, Inc. for liability for the assigned producer contracts had passed.

40. On December 15, 2016 Defendant, Vital Farms, Inc. delivered new flocks of chickens placed in the Plaintiff's original 2 chicken houses under the assigned contract (Exhibit 1).

41. On the afternoon of January 24, 2017 without prior notice or explanation Defendant Vita Farms, Inc. removed the flock placed in the original first chicken house under the assigned contract (Exhibit 1) from the Plaintiff and without his consent.

42. Although at this writing no additional flocks have been removed from the Plaintiff's farm, he has received conflicting communications from representatives of Defendant Vital Farms, Inc. of their intention to remove additional flocks.

43. Further, under the contracts Defendant Vital Farms, Inc. is obligated to provide at its expense feed for the flocks under the Plaintiff's care however over the last 4 months it failed to provide feed to Plaintiff's chicken houses that are the subject of the contracts attached as Exhibits 3, 4 and 6 on 4 separate occasions directly affecting the flocks' productivity.

44. The actions of Defendants Michael A. Cox, Jr. and Russell Diez-Conseco were part and parcel of a conspiracy between Vital Farms, Inc., Defendant Matt O'Hayer to manipulate its Producer Contracts in order inflate Vital Farms, Inc.'s financial standing reporting to its shareholders and the public at large.

45. The acts and conduct of Defendants Michael A. Cox, Jr., Russell Diez-Conseco were in the course of their positions with their respective entities and in concert with Defendant Matt O'Hayer's advice and consent are a part and parcel of their overall conspiracy to accomplish the following:

   A) Defendant Vital Farms, Inc. had over extended its growth flooding their own niche pasture raised, organic egg market and to cut costs sought to force integrated growers such as the Plaintiff from their contracts;
   B) Defendant Vital Farms, Inc., sought to eliminate integrator contract growers such as the Plaintiff to increase their profit margin by replacing them with buy-sell contract growers who would be required to purchase their own feed and assume the risk that it has under integrator contracts as with the Plaintiff;
   C) Defendant Vital Farms, Inc. seeks the elimination of Arkansas/Oklahoma producers to accommodate its expansion into Missouri to cutting the cost of egg delivery to its new egg processing plant being constructed in Springfield, Missouri.

46. The Plaintiff had a legitimate and reasonable expectation that Defendant Vital Farms, Inc. through its officers, employees and agents would not interfere with his income source in order for him to timely service his debt incurred in order to fulfill his obligations under the contracts.

47. Although Defendants Arkansas Egg Company, Inc. and Vital Farms, Inc. are not named as Defendants in the Plaintiff's Fourth Cause of Action these entities served as the enterprise under the RICO Act as defined by 18 U.S.C. Section 1961 et seq.

First Cause of Action
Declaratory Relief Sought
12 Oklahoma Statute Section 12-1652

48. Plaintiff references by incorporation all facts and allegations set forth In Paragraphs 1 through 47 as stated herein.

49. A justiciable controversy exists between the parties pertaining to the arbitration clause that appears in paragraph 6. L. of the contracts between the Plaintiff and Defendant Vital Farms, Inc. attached as Exhibits 3, 4, 5 and 6.

50. The issues involved in this controversy as to the validity of the arbitration clauses referenced in the preceding paragraph are ripe for judicial determination.

51. . The arbitration clauses as they are constructed violate the requirements of Title 7 U.S.C. Section 197 c-Arbitration in failing to include a provision that allows a producer (the Plaintiff) prior to entering into the contract to decline to be bound by the arbitration provision.

52. Because of this controversy, a Declaratory Judgment is both necessary and Proper in order to set forth and determine the rights, obligations, and liabilities of the parties to determine that the arbitration clause is unenforceable and void as an unlawful practice of Defendant Vital Farms, Inc.

### Plaintiff's Second Cause of Action
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### Breach of Contract

53. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 52 above against the Defendants, Arkansas Egg Company, Inc. and Vital Farms, Inc.

54. Pursuant to Oklahoma law as it applies to the contracts that are the subject of the Petition filed herein, the parties' contracts contain an implied covenant of good faith and fair dealing between them.

55. With respect to the contract originally entered between Heartland Eggs, LLC and later assigned to Defendant Vital Farms, LLC (Exhibit 1) required the payment to the Plaintiff as Producer the sum of $ .85 per dozen for eggs produced.

56. Heartland Eggs, LLC before the assignment and the later merger with Defendant Arkansas Egg Company, LLC and the Defendant, Vital Farms, Inc. failed to pay the $ .85 per dozen for eggs produced under the contract (Exhibit 1).

57. Further the conduct of Vital Farms, LLC in interrupting the Plaintiff's care of the flocks received under the assigned contract constitute a breach of the implied covenant of good faith and fair dealing resulting in damages to the Plaintiff as a direct and proximate cause arising from the breach.

58. Defendant Arkansas Egg Company, Inc. continues to serve as a surety and guarantor of the assigned contract in light of the merger of Heartland Eggs, LLC with it and is jointly and severally liable with the Defendant Vital Farms, Inc. for its breach of contract.

59. Defendant Arkansas Egg Company, Inc. owes the Plaintiff the sum of $ 12,000.00 for the unpaid consideration for eggs produce under the assigned contract (Exhibit 1) for which he is entitled to Judgment.

60. Further, Defendants Vital Farms, Inc. has damaged the Plaintiff in the sum of $ 1,640,500.00 for the contractual breach of the covenant of good faith and fair dealing and the breach of the terms of the contracts with the Plaintiff for which the Defendant Arkansas Egg Company, Inc. as successor in interest to Heartland Eggs, LLC as assignor under the contract (Exhibit 1) as surety is jointly liable.

## Plaintiffs' Third Cause of Action
### Breach of the Implied Covenant of Good Faith and Fair Dealing-Tort

61. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 60 above against Defendants Arkansas Egg Company, Inc. and Vital Farms, Inc.

62. Pursuant to Oklahoma law as it applies to the contracts that are the subject of the Petition filed herein, the parties' agreements contain the implied covenant of good faith and fair dealing between them.

63. The Defendant Vital Farms, Inc. by and through its representative Russell Diez-Canseco and its employees acted with gross and wanton negligence and reckless disregard for the rights of the Plaintiff in interfering with his income source and ability to service his debt incurred to service the contracts with it that is the subject of the Plaintiff's Petition.

64. Their reckless and wanton acts in disregard for the Plaintiff's rights were while in the employ of the Vital Farms and their conducted is imputed to Defendant, Vital Farms, Inc.

65. The actions and conduct of Defendant Vital Farms by and through the conduct of its employees and agents, Russell Diez-Conseco and others were and are grossly reckless and with wanton negligence damaging the Plaintiff.

66. Such actions of Vital Farms, Inc.'s breach of its implied covenant of good faith and fair dealing gives rise to this action in tort said conduct being in reckless and wanton disregard of the Plaintiff's rights.

13

67. Defendant Arkansas Egg Company, Inc. continues to serve as a surety and guarantor of the assigned contract in light of the merger of Heartland Eggs, LLC with it and is jointly and severally liable with the Defendant Vital Farms, Inc. for its torts committed and arising from the contract.

68. The Plaintiff has incurred damages as a direct and proximate result caused by Vital Farms, Inc.'s tortious breach of its implied covenant of good faith and fair dealing in the sum in excess of that required for diversity of citizenship cases in Federal Court to be determined by trial by jury and judgment should be entered jointly and severally against the Defendants Arkansas Egg Company, Inc. and Vital Farms, Inc.

69. In as much as the conduct of the Defendants by and through their officers, agents, employees were intentional, Plaintiff should be awarded punitive damages against them to discourage such conduct in the future.

Plaintiff's Fourth Cause of Action Conspiracy to Engage in a
Pattern of Racketeering Activity:
18 U.S.C. §§ 1961(5), 1962(d)

70. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 69 above against the individual Defendants, Michael A. Cox, Jr., Russell Diez-Conseco and Matt O'Hayer.

71. At various times and places enumerated above, all three of the individual Defendants did conspire to acquire and maintain an interest in RICO enterprises engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) (c) and (d).

72. At various times and places partially enumerated herein, the three individual Defendants did also conspire to conduct and participate in said RICO enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and (d).

73. During the ten (10) calendar years preceding January 1, 2015, all three of the individual Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts affecting interstate commerce that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

74. Plaintiff further alleges that all three of the individual Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. 1962(d).

75. Plaintiffs should be awarded judgment over and against the three individual Defendants, Michael A. Cox, Jr., Russell Diez-Canseco and Matt O'Hayer and each of them, jointly and severally for their damages upon his Cause of Action, that all three of the individual Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and from all other violation(s) of applicable State and federal law(s); that judgment be entered for Plaintiff and against all three individual Defendants for his actual damages, for a sum to be determined by trial by jury and in excess of the jurisdictional sum required in Diversity of Citizenship cases in Federal Court; and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d); that all three individual Defendants pay to the Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d); plus their costs, attorneys fee and for all other relief for which he may prove himself entitled.

## Fifth Cause of Action
### Promissory Estoppel/Detrimental Reliance

76. Plaintiff restates and realleges the allegations contained in paragraphs 1 through 75 above against the Defendants, Arkansas Egg Company, Inc. and Vital Farms, Inc.

77. As set forth in paragraph 18 above, Defendants Michael A. Cox, Jr. as managing member of Heartland Eggs, LLC, and as President of Arkansas Egg Company, Inc., its successor in interest via merger and Russell Diez-Conseco as COO and now President of Vital Farms, Inc. made clear and unambiguous promises; foreseeable that the Plaintiff would rely upon and did rely upon; and Plaintiff reasonably relied upon the same to his detriment and hardship can be only avoided by the promises' enforcement.

78. Equity and justice require that the Plaintiff remedy be granted as if the said Defendants were held to their promises resulting in a judgment in favor of $ 1,640,500.00, the sums that would have been earned by the Plaintiff under the promised contracts.

WHEREFORE, Plaintiffs, Dakota Vaughn prays judgment be awarded over and against the Defendants as follows:

A) Against Defendant Vital Farms, Inc. on his First Cause of Action determining that the arbitration clauses contained in the contracts marked as Exhibits 3, 4, 5 and 6 be declared invalid and void, plus his attorney's fees and costs;

B) Against Defendants Arkansas Egg Company, Inc. on his Second Cause of Action for breach of contract the sum of $ 12,000.00 for the unpaid consideration for eggs produce under the assigned contract (Exhibit 1) and over and against Defendants Arkansas Egg Company, Inc. and Vital Farms, Inc .jointly and severally in the sum of $ 1,640,500.00 for the contractual breach of the covenant of good faith and

16

fair dealing in taking the flocks from the Plaintiff under the contracts and for breach of contract of their obligations plus prejudgment interest, attorney's fees and costs;

C) Against Defendants Arkansas Egg Company, Inc. and Vital Farms, Inc., jointly and severally for his Third Cause of Action for breach of the implied covenant of good faith and fair dealing sounding in tort jointly and severally for judgment in a sum in excess of that required for Federal Court Diversity jurisdiction including punitive damages.

D) Against the individual Defendants, Michael A. Cox, Jr., Russell Diez Canseco and Matt O'Hayer for his Fourth Cause of Action and each of them, jointly and severally for his damages upon his Cause of Action, that all three of the individual Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and from all other violation(s) of applicable State and federal law(s); that judgment be entered for Plaintiff and against all three individual Defendants for his actual damages, for a sum to be determined by trial by jury and in excess of the jurisdictional sum required in Diversity of Citizenship cases in Federal Court; and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d); that all three individual Defendants pay to the Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d); plus their costs, attorneys fee and for all other relief for which they may prove themselves entitled.

E) Against the Defendants Arkansas Egg Company, Inc. and Vital Farms, Inc., jointly and severally on his Fifth Cause of Action for the sum of $ 1,640,500.00.

F) And for all other relief for which he may prove himself entitled.

Respectfully submitted this 13th day of February, 2017.

DAKOTA VAUGHN, PLAINTIFF

BY: *William R. Mayo*

WILLIAM R. MAYO, OBA # 11055
MAYO LAW OFFICES
609 S.W. 8th St., Ste 600
Bentonville, AR  72712
Tel. 479.802.0220/Fax 479.286.1101
wmayo@MayoLawOffices.com

## VERIFICATION

I, DAKOTA VAUGHN, the Plaintiff above named, being duly sworn, do hereby state that I have read the above and foregoing Petition and know the contents thereof and that the same is true to the best of my own knowledge and belief.

_____
DAKOTA VAUGHN

SUBSCRIBED AND SWORN TO, before me, a Notary Public, this ___ day of February, 2017.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

```
WILLIAM P. ......
Notary Public - Ark....as
WASHINGTON C.....TY
My Commission Expire ....?2-2022
......mission #12......28
```

19